In the Matter of ACKER MERRALL & CONDIT COMPANY et al., Respondents-Appellants, against NEW YORK STATE LIQUOR AUTHORITY et al., Appellants-Respondents.

First Department, November 10, 1953.

*John Lane* of counsel (*Elvin I. Unterman* and *Sullivan, Donovan, Heenehan & Hanrahan,* attorneys), for respondents-appellants.

*Philip Wilens* of counsel (*William Hoppen* with him on the brief; *Alvin McKinley Sylvester,* attorney), for State Liquor Authority and another, appellants-respondents.

*Monroe I. Katcher, II,* for Bob's Corked Liquors, Inc., appellant-respondent.

PECK, P. J. In an article 78 (Civ. Prac. Act.) proceeding, instituted by owners of retail liquor stores in the vicinity of Broadway and 88th Street, borough of Manhattan, the court has annulled, as an abuse of discretion, a determination of the State Liquor Authority permitting the removal of a retail liquor store operated by respondent, Bob's Corked Liquors, Inc., from Queens Village to 215 West 88th Street, Manhattan. Two questions are presented on appeal: one is whether petitioners have standing to maintain the proceeding, the other is whether the court properly annulled the action of the Liquor Authority.

The salient facts: On February 1, 1952, Bob's Corked Liquors, Inc., was licensed to operate a retail liquor store in Queens Village. On May 15, 1952, it petitioned the State Liquor Authority for permission to move its store to Flushing, the reason assigned being that the landlord of the building in which the store was located demanded and required the licensed premises for its own use and occupancy. This application for removal was disapproved by the Authority on two grounds, one being that the applicant had failed to establish that if the application were granted there would be a sufficient number of liquor stores in the vicinity in which the store was then located to serve the public convenience in that area.

The licensee then petitioned on November 6, 1952, to remove from Queens Village to 215 West 88th Street, Manhattan, again

giving as its reason that the landlord was pressing for possession of the premises in Queens. This petition was disapproved by the city alcoholic beverage control board on the ground that there were a sufficient number of licensed premises in the proposed new area. The Authority, however, on February 27, 1953, approved the transfer of the license.

This article 78 proceeding was instituted shortly afterward upon the discovery that the licensee had falsely represented to the Authority its landlord's need and desire for the Queens premises. The Authority duly ascertained and confirmed the fact that the representation upon which the transfer had been procured was false. The Authority, nevertheless, did nothing to revoke the transfer or remedy the matter beyond advising the licensee that the Authority looked with considerable concern and disfavor on the misstatement made and would be constrained to assess a serious penalty were it not for the fact that the licensee had been kept out of business for a substantial period of time during the investigation, which fact the board accepted in lieu of the assessment of any specific penalty for the effort to deceive. A motion to dismiss was addressed to the article 78 proceeding upon the ground that petitioners did not have standing to object to the transfer or review the action of the Authority. This motion was denied and the order entered thereon, as well as the subsequent order of the court annulling the Authority's approval of the transfer, is before us on the present appeals.

The question as to petitioners' right to maintain the article 78 proceeding revolves around the interpretation of subdivision 6 of section 121 of the Alcoholic Beverage Control Law, which makes subject to review by the Supreme Court "The transfer by the liquor authority of a license or permit to any other premises, or the failure or refusal by the liquor authority to approve such transfer."

The Authority contends that the enactment of this section had the purpose of overcoming a decision of the Court of Appeals which had previously held that the denial by the Liquor Authority of an application to remove a liquor store from one address to another was not open to judicial review (*Matter of Millman* v. *O'Connell*, 300 N. Y. 539). The Authority thus argues that it was the legislative intent only to allow a petitioner who had been denied a transfer a right to appeal and it was not intended to allow an outsider the right to question the granting of a transfer. Recognizing perforce that the amendment to the law provides for an appeal from the granting of a transfer as well as a denial of a transfer, the Authority suggests that such an appeal was contemplated only in case of a transfer in violation

of an express provision of law, such as the 1,500-foot rule, and not in matters in which the Authority is vested with discretion.

We cannot accept this view. The provision for review is quite broad. That does not mean that anybody and everybody can call upon the Liquor Authority to answer for its actions or that courts will be prone to interfere where the action is within the area of discretion. Persons who are immediately interested and affected by the action of the Authority, however, as petitioners here, must be accorded standing to review the action of the Authority. This case is a good example of why that should be so.

On the merits, it is now argued by counsel for the Authority that the approval of the transfer was premised upon a finding that public convenience would be served by another liquor store in the Broadway-88th Street area and that the judgment of the Authority on that issue, peculiarly within its province, should not be interfered with by the court. The formal answer of the Authority in this proceeding, however, makes no mention of such finding, and although some reference is made to the amount of business done by the licensee in Queens and by other liquor stores in the area of the proposed new location, there is no indication as to what conclusions were reached or should be reached from those facts or other unmentioned facts relating to the requirements of the two areas and whether the one would be adequately served and the other was being adequately served without the respondent licensee. On the contrary, all the indications in the record are that the application for removal was considered and favorably acted upon solely upon the representation that the licensee had to move. At what was termed '' an investigative interview '' conducted by the supervising investigator of the Authority, at which all parties in interest were represented, the present petitioners raised some question about the volume of business done by the licensee in Queens and the hearing officer ruled out the inquiry with the observation, '' The reason for removal is the fact that she has to get out of the place. The volume of business is not an issue here.''

It therefore does not appear in this record that the determination of the Authority was made on any basis other than an assumption with respect to the licensee's necessities, which proved to be false. The decision at Special Term was thus presumptively justified on the record. We are not quite willing, however, finally to conclude that approval of the transfer of the licensed business was not justified or to assess the weight which the Authority should have given to the fraud perpetrated upon it.

Primarily we should see that the processes of the Authority are calculated to develop and determine the relevant facts in any proceeding and that its determinations are responsive to legitimate considerations and supportable by the facts. That a wide discretion exists in the Authority in the matter of determining the location of liquor stores should be recognized. The courts would not ordinarily interfere with such determinations.

What has given us so much concern in this case is that the action of the Authority is contrary to all that would be expected from the facts disclosed. Not merely was a serious and inexcusable fraud overlooked, which the Authority is not accustomed to doing, but the transfer was allowed shortly after a previous application had been denied upon a finding that public convenience would not be served by a removal of the licensed premises from Queens and at the very time that the local alcoholic beverage control board recommended disapproval of the proposed transfer on the ground that there were a sufficient number of licensed premises in the proposed area and the Authority itself disapproved another application for removal into the area. Furthermore, there is much in this case to warrant the belief that this licensee is trafficking in licenses. When there is added to these facts the fact that the determination is now sought to be supported on grounds which were ruled out of consideration at the investigative interview, we are unable to accept the administrative determination.

This matter calls for a reinvestigation and restudy by the Authority, the gathering of all the relevant facts and a fresh determination made upon an adequate record.

The order denying appellants-respondents' motion to dismiss the petitions should be affirmed, with costs to petitioners-respondents, and the order annulling the determination of the Liquor Authority modified to remit the matter to the Authority for further consideration in accordance with this opinion, with costs to petitioners-respondents-appellants.

BREITEL and BASTOW, JJ. (dissenting). We concur in the statements and comments contained in the opinion of the Presiding Justice but reach the conclusion that the action of the agency warrants annulling its determination without further recourse to it, and accordingly vote to affirm the order of Special Term.

DORE and CALLAHAN, JJ., concur with PECK, P. J.; BREITEL and BASTOW, JJ., dissent in opinion.

Order denying appellants-respondents' motion to dismiss the petitions affirmed, with costs to the petitioners-respondents-appellants, and the order annulling the determination of the Liquor Authority is modified to remit the matter to the Authority for further consideration in accordance with the opinion herein, with costs to the petitioners-respondents-appellants. Settle orders on notice.

Republished decision, December 1, 1953.

Order denying appellants-respondents' motion to dismiss the petitions affirmed, with costs to the petitioners-respondents-appellants, and the order annulling the determination of the Liquor Authority is modified to remit the matter to the Authority for further consideration in accordance with the opinion herein, with costs to the petitioners-respondents-appellants. Opinion by PECK, P. J.; BREITEL and BASTOW, JJ., dissent in dissenting opinion. Settle order on notice.

Order granting motion to punish Bob's Corked Liquors, Inc., unanimously reversed and the petition denied. Order filed.

Present — PECK, P. J., DORE, CALLAHAN, BREITEL and BASTOW, JJ.