Arthur D. Brennan, J.
In this article 78 proceeding, the petitioners seek to review and vacate the respondents’ determination denying the petitioners’ simultaneous applications for the transfer to them of an existing retail package store liquor license and for the removal of said license to another location.
The applications were filed with the county local board on or about December 2, 1955, which board processed the applications and thereafter, on December 27, 1955, they were forwarded to the respondents who disapproved the applications after a meeting held, wherein the facts and circumstances of these concurrent applications were examined and considered by said respondents. On December 9, 1955 the respondents issued their Bulletin No. 279 wherein they codified and restated their policy governing the removal of package store licenses from one location to another.
It is the contention of the petitioners that such a policy as contained in the said bulletin had not been adopted prior to December 9,1955; that inquiry made by them (prior to the filing of the instant applications) from various representatives of the respondents failed to bring to light that such a policy existed in localities other than the city of New York; and that by reason *459 thereof, the retroactive effect of the enunciated policy and the disapproval by the respondents of the instant applications based upon said policy resulted in a determination which was arbitrary or capricious.
At the outset, it may be observed that the approval or disapproval of an application for a transfer or a removal of a liquor license is not, under the provisions of section 111 of the Alcoholic Beverage Control Law, a ministerial act but one in the exercise of discretion therein bestowed upon the respondents. Of course, in exercising that discretion due consideration must be given not only to the facts and circumstances of each case but also to the public policy of this State, as expressed by section 2 of the Alcoholic Beverage Control Law. It cannot be reasonably argued that the petitioners acquired any vested rights upon the filing of their applications. If the policy in question had been adopted as late as the actual consideration by the respondents of the instant applications, a determination made on such a policy would, nevertheless, constitute a valid exercise of discretion, if supported by a reasonable basis and if made in response to legitimate considerations and if supportable by the facts. It seems clear that the policy formulated by the respondents and pursuant to which the subject determination was made, was one intended for the salutary purpose of prohibiting the trafficking in licenses and thereby supplement, and prevent any circumvention of, the moratorium on licenses as previously established by the provisions of rule 17 of the Rules of the State Liquor Authority. Further, it is this court’s view that the said policy was in accordance with the spirit and intent of the Alcoholic Beverage Control Law as well as the public policy of the State as set forth in section 2 of that law.
This court is of the opinion that where, as here, the determination made is supported by a reasonable basis and is founded upon legitimate considerations, the same may not be held to be arbitrary or capricious. (Cf. Matter of Acker Merrall & Condit Co. v. New York State Liquor Auth., 282 App. Div. 638, 642, motion for leave to appeal denied 306 N. Y. 985; cf. Matter of Kaplan v. O’Connell, 281 App. Div. 46, affd. 305 N. Y. 850; and Matter of France v. O’Connell, 204 Misc. 681, affd. 282 App. Div. 1011.) Nor will the courts disturb the exercise of administrative discretion vested in the State Liquor Authority by the Alcoholic Beverage Control Law unless the action complained of be deemed arbitrary or capricious. (Matter of Fiore v. O’Connell, 297 N. Y. 260, 262.)
Accordingly, the application is-denied and the petition dismissed. Submit order.