E. Howard Ringrose, J.
The petitioner in this proceeding under article 78 of the Civil Practice Act, seeks a review of the determination of the respondents constituting the State Liquor Authority, which disapproved the application of petitioner for removal of his licensed retail liquor store from the premises at No. 702 Lafayette Street, Utica, New York, to Auert Avenue, Utica, New York, and for an order annulling and vacating the determination of the respondents, and approving petitioner’s removal application.
The petitioner is presently operating a retail liquor store at the Lafayette Street address for which a license was originally issued on October 15,1946, and has been renewed annually since, the license for the ensuing year expiring on September 30,1956.
The petitioner filed with the Alcoholic Beverage Control Board of this county on or about February 7, 1955, a petition to the State Liquor Authority for permission to move his retail liquor store license from the Lafayette Street premises to the North Utica Shopping Center, located on Auert Avenue.
Following an investigation, the application was disapproved by the Oneida County Alcoholic Beverage Control Board. Subsequently, and on April 26-27, 1955, after an investigative interview held on March 25, 1955, before Deputy Commissioner *681 Howard L. Mosher, the petitioner’s application was approved by the State Liquor Authority subject to compliance within 60 days with certain conditions specified in the letter of approval dated April 28,1955, unless the time to do so was extended.
The construction of the North Utica Shopping Center to which location the petitioner proposed to move his license was not completed, which prevented the petitioner from complying with the conditions imposed in the letter of approval last above mentioned.
Thereafter, the petitioner applied for an extension of time to June 1, 1956, at which time the location at the North Utica Shopping Center would be ready for occupancy. The application for the extension was denied.
Thereafter and on November 16, 1955, the petitioner filed a new application with the Oneida County Alcoholic Beverage Control Board, which recommended approval and forwarded the application to the respondents.
The State Liquor Authority thereupon caused to be made a thorough investigation with respect to the license, the licensed premises and the proposed new location. Based on the report of this investigation, the members of the State Liquor Authority at a regular meeting held on February 1-2, 1956, disapproved the petitioner’s application upon the following grounds:
“ 1. The Authority is of the opinion that the legislative intent in establishing package liquor stores was that such stores should be located in such places as would best serve the public convenience and advantage in a particular neighborhood. It is also the belief of the Authority that the location of such stores in so-called 1 shopping centers ’ would be contrary to the spirit and intent of the Alcoholic Beverage Control Law and would tend to defeat the purpose of the legislature. The Authority therefore finds that to permit this removal would be contrary to public advantage.
“ 2. The applicant has failed to establish that public convenience would be served by permitting the removal of his present store to the proposed location.
‘ ‘ It is to be noted that a protest has been filed with the Authority that there are approximately only 5,000 people including children in the residential area to which the applicant seeks to remove. At their meeting of January 18-19, 1956, the Members of the Authority instructed the personnel of its Zone 2 office to obtain a fair approximation of the population of the north portion of the city of Utica. A survey was conducted by the Zone 2 office and the results thereof substantially confirmed the accuracy of the protestant’s figures.
*682 “ It therefore appears that the number of residents in the locality to which the applicant seeks to remove is such that the applicant would have to draw a substantial number of customers from surrounding areas and would therefore adversely affect the stores located in those surrounding areas.”
It is the contention of the petitioner that the announced policy of the Authority, as declared in its notice of disapproval, in denying licenses for package liquor stores in “ Shopping Centers ” is arbitrary and capricious, and contrary to the spirit of the Alcoholic Beverage Control Law.
The action of the Authority in withholding approval of applications for package liquor store licenses in shopping centers, is neither arbitrary nor capricious so long as the policy is of uniform and general application. Moreover, the rule is in conformity with the policy of the State as proclaimed in sections 2 and 101-c of the Alcoholic Beverage Control Law and within the scope of delegative authority with which the court may not interfere. (Matter of Deitch v. Rohan, 3 Misc 2d 458 and authorities cited.)
On the factual side of the issue presented the proof in documentary form appended to the answer reflects a reasonably thorough investigation of the facts and circumstances pertaining to public interest and convenience to be served by the transfer of petitioner’s store and license to the North Utica Shopping Center. It appears therefrom that there are two licensed package stores, one within a radius of 800 feet, and the other 7,500 feet, from the site of the plaintiff’s proposed store. The licensee within 800 feet has filed a protest to plaintiff’s application. It appears from the report of an investigation caused to be made by the Authority that the stores in North Utica presently licensed, serve an area of approximately five square miles, practically all of which lies within the 16th Ward of the City of Utica. The adult population in the area is placed at 1,500. This estimate was based on a population of 2,836 persons in the 16th Ward as of the 1950 census, and consisting of 810 families and averaging three and one-half persons to a family. The petitioner estimates the population in this area as upwards of 3,000 persons.
Since the foregoing circumstances, coupled with others of lesser importance, were adequate to invoke the discretionary power of the Authority, the denial of the petitioner’s application in the exercise of that discretion, may not be nullified by the court. (Matter of Restaurants & Patisseries Longchamps v. O’Connell, 271 App. Div. 684, 687, affd. 296 N. Y. 888; Matter of Fiore v. O’Connell, 297 N. Y. 260; Matter of Deitch v. Rohan, *683 supra; Matter of Willmont Liquors v. Rohan, 2 Misc 2d 768, 776-777.)
It follows that the application should be denied and the petition dismissed.
Submit order.