James J. Conroy, J.
Petitioners — lessees of one of a row of stores located in Holbrook, New York — have instituted this article 78 proceeding for an order compelling the respondent, State Liquor Authority of the State of New York “ to permit and direct the Suffolk County Alcoholic Beverage Control Board to issue to petitioners sufficient application blanks whereby ’ ’ they ‘ ‘ may apply for a license to sell alcoholic beverages at retail for off premises consumption and to accept ” their application for such license in connection with the premises leased by them “ on the ground that only thereby can it determine whether convenience and advantage to the residents of the Post Office district of Holbrook, Suffolk County will be promoted by the issuance of a license to petitioners ’ \
The respondent, by cross motion, pursuant to section 1293 of the Civil Practice Act, seeks the dismissal of the petition upon the grounds that it is insufficient in law; that the order petitioners seek ‘ ‘ being in the nature of mandamus, is not available to compel the respondent to do an act which they are not required by law to do ” and that the action of the respondent is not subject to review under sections 2 and 121 of the Alcoholic Beverage Control Law.
Accepting the facts set forth iñ the petition and all reasonable inferences to be drawn therefrom as true (Matter of Graffenburg Dairy v. Du Mond, 278 App. Div. 428; Matter of Mapes v. Swezey, 278 App. Div. 959), it appears that on or about August 13, 1956 petitioners requested the Suffolk Alcoholic Beverage Control Board to send them application forms whereby they could apply for a retail package store license. That board informed petitioners on September 17, 1956 that no applications for the desired license could be accepted for filing at said board. Thereafter, on or about September 25, 1956 petitioners requested the respondent to issue application forms to enable them to apply for such retail package store license. On September 27, 1956 respondent advised them that a moratorium on the acceptance of such applications was in effect, and that a survey was being made. On or about October 15, 1956 petitioners leased one of a row of stores located in Holbrook, Suffolk County, New York, for the purpose of opening and maintaining a store for the sale of alcoholic beverages for off premises consumption, and instituted this proceeding by the service of a copy of the notice and petition on November 21, 1956.
Petitioners allege that the postal population of the post office district of Holbrook in 1949 was approximately 800 persons, and that since that time approximately 1,800 homes have been built *764 in the area indicating “ a tremendous increase of population ”; that there is no package liquor store in this post office district and the only package stores available to residents of Holbrook are in 10 other communities from 3 to 10 miles distant. According to the petition the refusal of the respondent to permit the issuance of application blanks to petitioners, and to accept them for processing, is arbitrary and unreasonable in that it fails to give recognition to the facts as they exist today in Suffolk County and in the post office district of Holbrook, rather than as they existed in 1948 and 1952; that such refusal disregards ‘ ‘ the convenience and advantage of the public in the vicinity and area of Holbrook ” which may be determined solely by issuing an application to the petitioners and thereupon accepting and investigating the same.
Subdivision 2 of section 17 of the Alcoholic Beverage Control Law gives the respondent the power, jurisdiction and duty ‘ ‘ To limit in its discretion the number of licenses of each class to be issued within the state or any political subdivision thereof, and in connection therewith to prohibit the acceptance of applications for such class or classes of licenses which have been so limited.”
At the time the petitioners’ request for an application was made and refused, there was and still is in force, as amended July 14, 1955, rule 17 of the rules of the respondent State Liquor Authority, promulgated pursuant to the foregoing statute, which recites in part that11 in the judgment of the Authority and in the exercise of the discretion vested in it by law, it is determined that public convenience and advantage will continue to be adequately served by the number of premises presently licensed pursuant to Sections 63 and 79 of the Alcoholic Beverage Control Law as of this date, and it is the intention of the Authority to continue the limitation of licenses for the sale of liquor and/or wine for off-premises consumption ”. It was therefore, resolved “ that the number of licenses issued pursuant to [said] Sections 63 and 79 * * * shall be limited to the number in effect as of this date in each county having a local board ”, and that “ no application for a license under any of the aforesaid sections shall be accepted by any local board ”, and that ‘ ‘ the decrease in the number of said licenses, whether by the action of the Authority, pursuant to the exercise of the power vested in it by subdivision 3 of Section 17, or by surrender of a license pursuant to Section 127, or otherwise, shall not be cause for the acceptance of applications for such licenses, unless otherwise ordered by the Authority”. (N. Y. Official *765 Compilation of Codes, Rules & Regulations, 4th Supp., p. 661, 9th Supp.,, p. 227.)
The foregoing moratorium on the acceptance of applications for new package store licenses originated in the resolution adopted on November 16, 1948 and successively amended on November 26, 1952 and June 18, 1953.
The Court of Appeals held in Matter of Brenner v. O’Connell (308 N. Y. 636) that the term “ political subdivision ” as used in subdivision 2 of section 17 of the Alcoholic Beverage Control Law and in rule 17 as it then existed, referred to a county and not a village, town, township or other subdivision. Present rule 17, as amended on July 14,1955, makes it crystal clear that a county was made the basic political subdivision, for it was expressly stated therein “ that the number of licenses issued * * * shall be limited to the number in effect as of this date in each county having a local board.” (Emphasis supplied.) The petition here attacked has for its basis not the County of Suffolk but a post office district thereof. Accordingly, such petition does not state facts sufficient to entitle petitioners to any relief. What petitioners seek in this proceeding is to compel the respondent to modify its policy decision exercised pursuant to law by the enactment of rule 17. Its refusal so to do, however, is not included within any of the categories of “ actions ” enumerated in section 121 of the Alcoholic Beverage Control Law, which have expressly been made subject to judicial review, and no facts have been alleged or claimed upon which such review may be had, though proscribed by statute, under the broad power and duty of courts 1 ‘ to make certain that the administrative official has not acted in excess of the grant of authority given him by statute or in disregard of the standard prescribed by the legislature.” (Matter of Guardian Life Ins. Co. v. Bohlinger, 308 N. Y. 174, 183; see Matter of Brenner v. O’Connell, supra.)
Respondent’s motion is, accordingly, granted and the petition dismissed. Submit order.