Marcus G]. Christ, J.
This is a proceeding brought under article 78 of the Civil Practice Act (a) for an order annulling, vacating and setting aside the determination dated November 24, 1958 by which the New York State Liquor Authority disapproved the petitioners’ application for permission to remove their package liquor store business from its present location on the south side of Main Road, Mattituck, Suffolk County, New York, to a new location on the west side of Commack Road, at Commack, Suffolk County, New York, and (b) for an order directing the New York State Liquor Authority to approve the application of the petitioners to move their package liquor store business to such new location and (c) for an order directing the State Liquor Authority to issue and deliver to the petitioners such indorsements and other documents as will authorize petitioners to carry out the relocation of their package liquor store business.
The record discloses that the petitioners have been licensed to operate a store selling liquor at retail for off-premises consumption on Main Road in Mattituck, Suffolk County, New York since 1954. In July, 1958 they filed an application with the Suffolk County Alcoholic Beverage Control Board seeking approval for removal of their license to the afore-mentioned premises in Commack, thereby involving a move of approximately 40 miles to the west. The local board caused an investigation to be conducted and as part of such investigation communicated with the four licensed package stores in closest *914 proximity to the proposed removal site. The proprietors of two of such stores protested against approval of the petitioners’ application; the third stated that he felt there were enough stores serving the area at present and no reply was received from the fourth. On the basis of its review and investigation the local board recommended that petitioners’ application be disapproved upon the ground that public convenience would not be served by the removal of the store from its present location in Mattituck to the proposed location and upon the further ground that because the new proposed location appeared to be in a shopping center the application should also be disapproved.
Following the completion of the local board’s action upon the petitioners ’ application the entire matter with the recommendation of the local board was forwarded to the State Liquor Authority for presentation to that body. The record reveals that at the State Liquor Authority’s meeting on October 8, 1958 the matter was referred back to the State Liquor Authority’s chief executive officer for further information. Pursuant to that direction a further investigation was conducted in the field and the results of that investigation together with all materials gathered from the inception of the application were subsequently considered and reviewed by the members of the State Liquor Authority.
The record shows that nearby the proposed new location there is the hub of a network of roads coming from various directions. The components of this network of roads consist of Commack Road, a main cross-island highway running in a north and south direction which intersects J ericho Turnpike approximately 4/10ths of a mile from the proposed new location. Jericho Turnpike is one of the principal highways for east and west traffic on Long Island. Less than a mile from the point at which Commack Road intersects Jericho Turnpike is located the northerly end of another main traffic artery known as Veterans Memorial Highway which runs southeasterly from Jericho Turnpike to Patchogue, approximately 15 miles distant on the south shore of Long Island. A short distance further east on J ericho Turnpike is located the traffic interchange between Jericho Turnpike and the Sunken Meadow State Parkway. Adjacent to this interchange there has been constructed a large modern shopping center known as ‘ ‘ Commack Center ’ ’ comprising 32 stores, a motion picture theatre, a professional and business building and off-street parking accommodations for approximately 2,500 automobiles. At the southeast corner of the intersection of Commack Road and Jericho Turnpike, a short distance northerly from the proposed location, is found another modern shopping center *915 known as “ Commack Corners ” containing 22 stores and off-street parking accommodations for approximately 600 automobiles.
Since 1955 the State Liquor Authority has pursued a policy prohibiting the location of retail off-premises liquor stores in or near modern shopping centers.
Several reasons were given by the State Liquor Authority in support of its determination to disapprove the petitioners’ application. The Authority determined first ‘1 that the area in question is sufficiently serviced by the aforesaid stores and it would not serve public convenience and advantage to approve this petition”. Its decision then pointed out the existence of two modern shopping centers in the area, one of which was located approximately one mile east of the proposed location and the other approximately two-fifths of a mile from such location. From this fact the Authority determined “ that the proposed location will substantially enjoy the fruits of these two shopping centers, which in turn will tend to draw the neighborhood business away from the four package stores described in paragraph 1 hereinabove.” Finally, the determination pointed out that the petitioners propose to move a distance of approximately 40 miles and that while gross sales at the present location indicated that a move should be permitted, the Authority was not satisfied that an appropriate location much closer to the present area in which the licensee conducted business should not be sought.
The permissible limits of judicial inquiry in connection with this administrative determination are very narrow. Upon the petitioners rests the burden of establishing a clear legal right to the relief sought. There can be no dispute that the power conferred upon the State Liquor Authority to approve or disapprove an application for a transfer or a removal of a liquor license from one location to another involves the exercise of a discretionary power. It is equally undisputed that such discretionary power is required to be reasonably exercised. It is only when it can fairly be said that no reasonable mind could reach the administrative determination actually made that judicial interference is warranted. Only then may the court say that the administrative body acted arbitrarily or capriciously.
It is the declared policy of the State of New York that the location of off-premises liquor and wine stores be “ in neighborhood communities which most effectively serves public convenience and advantage ”. (Alcoholic Beverage Control Law, § 101-c.) By way of implementing this declared policy the State Liquor Authority in its Bulletin 279 dated December 9, 1955, announced a policy governing removals of package stores which, *916 among other things, determined “ that the licensing of package stores in modern ‘ shopping- centers ’ would he contrary to public convenience and advantage.” The courts have repeatedly sustained the right of the State Liquor Authority to adopt that policy and sustain the Authority in applying the policy so long as such application is uniform and general (Matter of Greene v. Rohan, 3 Misc 2d 680).
Petitioners have sought to demonstrate that the modern shopping center policy adopted in 1955 has not been consistently followed by the State Liquor Authority, and refer to five examples intended to support such contention. Pacts adduced by the respondent in this proceeding, however, demonstrate that each of the stores cited was licensed prior to the adoption of the modern shopping center policy in 1955. The proof offered by the petitioners does not sustain their contention that the State Liquor Authority has been inconsistent in the application of its modern shopping center policy.
On the basis of all of the evidence presented in this proceeding, the court cannot conclude that the determination of the State Liquor Authority in this matter was one that no reasonable mind could reach. The court finds that there was a reasonable basis in law and on the evidence for the action and the determination by the State Liquor Authority and this court may not substitute its judgment for that of the Authority.
Accordingly, the petition is dismissed. Submit order.