Charles A. Loreto, J.
This is a proceeding under article 78 of the Civil Practice Act for a review of respondent State Liquor Authority’s determination approving the application of respondent William Feilbert to remove his retail liquor store license to premises located at 1373 Intervale Avenue, The Bronx, N. Y.
The application for removal to the premises in question was made on August 17, 1959. The petitioners made protest by letter to the Authority of such removal, outlining their plight and seeking a hearing on the matter. The respondent Authority did not hold a hearing but, upon the report of the New York City Alcoholic Beverage Control Board, made after investigation and consideration (but not made part of the answer), and upon its own independent investigation, the application was approved on November 18, 1959.
Under section 111 of the Alcoholic Beverage Control Law, a license issued for any licensed premises shall not be transferable to any other premises except in the discretion of the Authority. There is no doubt that it is settled law that courts will not disturb the exercise of administrative discretion unless the action complained of be deemed arbitrary or capricious. The Authority’s determination should be sustained if there is any rational basis for it.
*475 Ordinarily the court’s inquiry is limited to a determination of whether the record presents facts which removed from the Authority all possibility of exercising that discretion entrusted to it by the Legislature (Matter of Rockower v. State Liq. Auth., 4 N Y 2d 128).
The petitioners urge that there are eight retail liquor stores in the immediate vicinity (five-block radius) of the proposed premises to which removal is sought, and that three are within close proximity; that an additional retail liquor store would cause undue financial hardship to these other licensed stores in the vicinity.
It is noteworthy that in June, 1955 the Authority refused to permit another package store licensee to remove to 1375 Inter-vale Avenue, which is next door to the location under discussion herein. The reason given therefor was that there were sufficient retail liquor stores to adequately service the area and that public convenience and advantage would not be served by permitting the removal. Naturally, the question is raised: “ Why then the change of mind after four years? ”
Admittedly the neighborhood, where the location in question is situated, continues to deteriorate, as shown by Exhibit M ‘ ‘ resulting in former middle-class occupants being replaced by people of the laboring class and people on relief”; with no evidence of new construction or modernization, and housing facilities being in poor condition. As stated in Matter of Fiore v. O’Connell (297 N. Y. 260, 264): “ Ordinarily we would not be concerned with the approval of the King application but, having been granted almost simultaneously with the denial of the petitioner’s application for rehearing, the circumstances leading to its approval by the board may be taken as an indication of the standard of reasonableness adopted by the board ”.
The continued deterioration of the neighborhood being admitted, the Authority states nevertheless that there has been a steady increase in gross sales figures of the package stores in the area (comparison figures given for years 1955 through 1958 — affidavit of Chairman of Board of the State Liquor Authority). Such figures cover the three retail liquor stores in the immediate vicinity and show an increase of gross sales over those four years of approximately $102,000 for the three stores.
However, the Authority should have, considered additional factors and figures before arriving at its conclusion. Since it appears that the increase in business was the main basis for permitting another retail liquor store in the area, the Authority should have considered the business of the additional store *476 permitted in February, 1959 at 1303 Stebbins Avenue, The Bronx, which is in the immediate locale of the vicinity discussed.
As Cooper, one of the petitioners herein, the owner of the store at 1303 Stebbins Avenue, states that he is doing a gross business of $6,000 or more monthly for 1959, the estimated gross for a year of such store would greatly reduce the total gross income of the other stores in the vicinity (as stated by the other petitioners in their affidavits). Furthermore, increase in gross receipts does not necessarily mean more business, for if costs go up, sales prices would also go up, and gross receipts would be higher with the same amount of sales.
The Authority admits that a realistic appraisal of the situation leads to the conclusion that some loss of business will result from the removal involved herein, but states that aside from the obvious point that this ‘ ‘ equitable ’ ’ factor, if such it be, is more than balanced by Mr. Feilbert’s plight. However, the law is. settled that in this State a licensee does not acquire an exclusive right to the business of his general or immediate area.
There should be no balancing of equities among the licensees. Although the licensees may have no vested rights, it was not the intent of the law to create such competition among licensees as to drive one or another out of business or create conditions inimicable to the purpose of the law.
The Authority having failed to consider the gross income of the respective stores for that part of 1959 for which figures were available in order to get a true picture of present gross income under the changed condition and circumstances, it cannot be said that it has a reasonable basis for its determination.
The court therefore remands the matter back to the Authority for further investigation and reconsideration, and a determination not inconsistent with this opinion.