■ ROYCE DEMING, by ELIZABETH DEMING, His Guardian ad Litem, Appellant, v. J. BRADFORD MILLET, Respondent.—Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict of the jury is against the weight of evidence. (Appeal from judgment of Herkimer Trial Term dismissing the complaint upon the merits in an automobile negligence action.) Present — Williams, P. J., Bastow, Goldman, McClusky and Noonan, JJ.

■ DIALAND ELECTRIC SALES CORP., Doing Business under the Name of DIAMOND ELECTRIC CO., Appellant, v. WORCESTER MUTUAL FIRE INSURANCE COMPANY OF WORCESTER, MASSACHUSETTS, Respondent.—Judgment unanimously affirmed, with costs. (See *Williams* v. *Liberty Mut. Fire Ins. Co.*, 334 Mass. 499.) (Appeal from judgment of Monroe Trial Term dismissing the complaint on the merits.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ In the Matter of the Intermediate Account of JAMES W. BASSETTE, as Administrator of the Estate of LESLIE A. CRONK, Deceased. (And Another Proceeding.) — Order entered September 12, 1963 (19 A D 2d 795), amended by order entered September 20, 1963 (19 A D 2d 797), modified to the extent of vacating that portion which reversed the decree of the Surrogate of Seneca County entered August 1, 1962 and directed a new trial. Motion of administrator, *c. t. a.*, for leave to appeal to the Court of Appeals denied as academic.

## (December 12, 1963)

■ In the Matter of FRANK PALMISANO et al., Respondents, v. STATE LIQUOR AUTHORITY, Appellant.—Order unanimously reversed, without costs of this appeal to any party, petition dismissed, and determination of the State Liquor Authority confirmed. Memorandum: The determination of the Authority must be confirmed if there is proof that there was scope for the reasonable exercise of discretion by appellant. (Cf. *Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465, 468.) We find such proof in the record. The determination of appellant was neither arbitrary nor capricious (cf. *Matter of Fiore* v. *O'Connell*, 297 N. Y. 260, 262). It follows that the determination should have been confirmed by Special Term. (Appeal from order of Oneida Special Term annulling a determination of respondent denying petitioners' application for restaurant liquor license.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.