Fuld, J.
In this action, the plaintiffs, licensees and owners of retail liquor stores in various parts of the State, seek a judgment declaring that the amendment by the defendant State Liquor Authority of its rule 17 (9 NYCRR 42.1 et seq.), effective December 1, 1964, is invalid and void and enjoining the defendants from accepting and processing applications for retail package store licenses pursuant to the provisions of that amended rule. The court at Special Term granted the defendants ’ motion to dismiss the complaint. On appeal, the Appellate Division affirmed such dismissal and, in addition, gave judgment for the defendants declaring rule 17 to be constitutional and valid. The appeal is here as of right (CPLR 5601, subd. [a]).[1]
Prior to its recent amendment, rule 17, in effect for some years, provided for a moratorium, by way of a numerical limitation, on the issuance of all off-premises retail liquor and wine licenses (Alcoholic Beverage Control Law, §§ 63, 79). The rule was promulgated by the Authority pursuant to subdivision 2 of section 17 of the Alcoholic Beverage Control Law (as amd. by L. 1938, ch. 315), empowering it “ To limit in its discretion the number of licenses of each class to be issued within the state or any political subdivision thereof, and in connection therewith to prohibit the acceptance of applications for such class or classes of licenses which have been so limited.” (See, also, Alcoholic Beverage Control Law, § 2.) Periodically, after its adoption, rule 17 was “ suspended ” by the Authority and new applications accepted and licenses issued — approval, of course, depending in each case upon implementation of the *160 statutory standard of “ public convenience and advantage ” (Alcoholic Beverage Control Law, § 2). At the end of each such suspension period, the rule was repromulgated and the moratorium, limiting the number of licenses to those then extant, was reimposed by the Authority.
In an Extraordinary Session in April of 1964, the Legislature, after enacting several changes in the Alcoholic Beverage Control Law, none of which are here relevant (L. 1964, ch. 531), reaffirmed the power of the Authority (Alcoholic Beverage Control Law, § 2) to regulate, in the interest of public convenience and advantage, “ the increase or decrease in the number ” of licenses and the “ location ” of licensed premises (L. 1964, ch. 531, § 14). Thereafter, in August of that year, the Authority amended its rule 17 so as to lift again the moratorium on applications and licenses therein imposed.
Reciting that the Authority has ‘ ‘ determined that public convenience and advantage would best be served by a * * * plan for relocating presently licensed package stores and issuing additional package store licenses ”, the amendment to rule 17, insofar as here pertinent, provides not only for the immediate and continuing acceptance of petitions for removal of existing stores but, during the months of December 1964, March, June and September 1965, for the acceptance of applications for “ new package store licenses ” and, after December 1, 1965, for the acceptance of such applications “on a continuing basis”. In order to assure the “ equitable and orderly” processing of the applications for new licenses, it is further provided that, during each of the four above-designated months, a “ drawing ” be conducted “ to determine the priority ” in which the applications filed during that particular month “ shall be considered ” and that, as a result, each month’s applications shall be processed “ in the order of the numbers assigned by such drawings ”. This procedure, the rule specifies, governs only the processing of applications for new licenses (Alcoholic Beverage Control Law, §§ 63, 79) received during the four specified months and not those received thereafter, the provisions specifically being “ repealed effective December 1, 1965 ”. Nor is such procedure to be employed, according to the rule, with respect to petitions for removal of present stores or applications “to convert” existing licenses issued pursuant to section 64, subdivision 6, and *161 section 79 of the statute into retail liquor store licenses (Alcoholic Beverage Control Law, § 63), which applications are to be “ accorded priority of consideration” over those for new licenses.
Although the new rule declares that no more than 500 new licenses may be granted in any one of the quarterly periods between December 1964 and December 1965, no assurance is given that any licenses will actually be issued. In fact, it is explicitly recited that the drawing of a number indicating the priority of processing “ shall not insure approval of any application ” and, further, it is implicit that the issuance of any license, during the specified quarterly periods of 1964-1965 as well as after December 1, 1965, will continue to depend on a finding that the “public convenience and advantage” will be served by such issuance.
Simply stated, then, the amendment to rule 17 does no more than, first, suspend once again for an indeterminate period the pre-existing moratorium on applications and licenses and, second, provide, for a one-year period only, a new procedure (namely, a public drawing) for determining the order in which certain of those applications will be processed and considered. We do not agree with the plaintiffs’ claim that this constitutes an invalid exercise of the Authority’s rule-making authorization.
Such a lifting by the Authority of its ban on applications for licenses is far from novel — having occurred, as previously indicated, in prior years — and it is expressly within the power of the Authority to so control “ the increase or decrease in the number ” “of licenses to traffic in alcoholic beverages ” should it find, as it did here, that the ‘ ‘ public convenience and advantage ” necessitates such action. (Alcoholic Beverage Control Law, §§ 2, 17, subd. 2; L. 1964, ch. 531, § 14; see, e.g., Matter of Brenner v. O’Connell, 308 N. Y. 636; Matter of Gross v. New York City Alcoholic Beverage Control Bd., 7 N Y 2d 531, 539-540; Matter of Scopelliti v. State Liq. Auth., 5 Misc 2d 762, affd. 6 A D 2d 694.) The plaintiffs, by their own admission, neither refute the Authority’s finding as to the need for additional package stores nor seek a continuation of the moratorium on applications and licenses.
Consequently, this leaves for consideration the question of the validity of that part of new rule 17 which provides for a public *162 drawing to determine the order in which the Authority will consider applications for new licenses filed between December 1964 and December 1965. In our view, no fault may be found with the Authority’s action.
Having determined, and no issue is made of this, that the public convenience and advantage would best be served by the issuance of additional package store licenses, the Authority, so its answer and accompanying affidavits attest, was faced with the problem of re-establishing, after an extended moratorium, an orderly and fair procedure by which it might receive and consider the flood of applications anticipated during the first year following the lifting of the ban. Based on the limited size of its staff and to avoid favoritism, we are told, the Authority decided on a public drawing as the best method for determining the order in which it would process applications for that one year.
While the Authority has processed applications in the past — and, apparently, will again after December 1,1965—in the order of their filing, the statute does not mandate any particular method. Bather, as incident to its statutory duties to control the number and issuance of licenses, the Authority must be deemed possessed of the power to issue rules governing the manner in which it will accept and process license applications. (See, e.g., Matter of Suffolk County Retail Wine & Liq. Dealers Assn. v. New York State Liq. Auth., 23 A D 2d 552, 553; Matter of Edoff v. New York City Alcoholic Beverage Control Bd., N. Y. L. J., March 9, 1965, p. 15, col. 8 [Sup. Ct., Bronx County], affd. without opn. 23 A D 2d 820; Daub v. New York State Liq. Auth., 45 Misc 2d 833, 839-840.) The Authority’s decision to employ a public drawing, based on administrative considerations and its evaluation of public convenience and advantage, is a reasonable exercise of its statutory discretion and, certainly, may not be deemed arbitrary and capricious. (Cf. Matter of Fiore v. O’Connell, 297 N. Y. 260, 262; Matter of Gambino v. State Liq. Auth., 4 A D 2d 37, 38, affd. 4 N Y 2d 997.)
As indicated, rule 17 relates merely to the receipt and processing of applications and in no way affects the granting of licenses, the issuance of which will, as it must, continue to depend upon a weighing by the Authority, in each case, of the “ public con *163 venience and advantage ”. (See, e.g., Matter of Swalbach v. State Liq. Auth., 7 N Y 2d 518, 523-524, 526; Matter of Hub Wine & Liq. Co. v. State Liq. Auth., 16 N Y 2d 112, 119.) However, the main thrust of the plaintiffs’ attack on the new rule is that, by virtue of that provision, the Authority ‘ ‘ plans to issue such licenses without determining, in its discretion, with respect to each and every application, whether public convenience and advantage would be promoted by the issuance of such a license There is no basis for such an argument in this case. Bule 17, in its express language as well as its over-all purpose, neither thwarts nor seeks to avoid the prescribed standard of ‘1 public convenience and advantage ”. And, as observed below, the courts may not assume that the Authority will act improperly in the future in the issuance of licenses or that rule 17 will somehow prevent or affect a proper determination by the Authority as to whether a particular application meets the statutory standard. Suffice it to say, at this point, that the challenged rule is both within the Authority’s power and consonant with the purpose and provisions of the statute.
The order appealed from should be affirmed, without costs.
Chief Judge Desmond and Judges Dye, Van Voorhis, Bubke, Scileppi and Bergan concur.
Order affirmed.

. The appeal also brings up for review the Appellate Division’s affirmance of an earlier order of Special Term denying the plaintiffs’ motion for a temporary injunction. (See 23 A D 2d 617.)