In the Matter of CLAUDE A. LINDQUIST, Petitioner, against RUDOLPH H. SWANSON, as Chief of the Fire Department of the City of Jamestown, et al., Respondents.— Motion to strike out certain allegations contained in the answer granted. Determination annulled, without costs and matter remitted for a rehearing. Memorandum: The petitioner, a veteran, after a hearing as provided for in section 22 of the Civil Service Law, was dismissed from his position as a captain in the Jamestown Fire Department. He now seeks to review the proceedings resulting in his dismissal pursuant to article 78 of the Civil Practice Act. The respondents' answer to the petition contains so-called new matter which the petitioner has moved to have stricken from the answer, and we conclude that the motion should be granted for the reason that the allegations and the certificates or records objected to are neither relevant nor competent upon a review of the proceedings resulting in petitioner's dismissal. The motion to strike out is therefore granted. Our review of the proceedings resulting in the petitioner's dismissal is directed to the question of whether or not the record contains substantial evidence to support the determination. (*Matter of Weber* v. *Town of Cheektowaga,* 284 N. Y. 377; *Matter of Miller* v. *Kling,* 291 N. Y. 65.) Substantial evidence must mean competent evidence with which the petitioner was confronted at the hearing, and thus afforded an opportunity to deny or explain. Petitioner was found guilty at the hearing of violation of that part of rule 95 of the Rules and Regulations of the Jamestown Fire Department providing that " Any member reporting for duty under the influence of intoxicants will be sufficient cause for dismissal ". We find in the record no substantial evidence to support a finding that petitioner reported for duty under the influence of intoxicants on April 18, 1947. In fact no such issue was litigated at the hearing. We do find substantial evidence that plaintiff was guilty of violation of rule 70 in that he refused to obey the orders of his superior. He was dismissed from the service, however, because he was found guilty of a violation of both rule 70 and rule 95. Under such circumstances, the determination should be annulled and the matter remitted to the hearing officer for a rehearing. (See *People ex rel. Long* v. *Whitney,* 143 App. Div. 17; *People ex rel. Gilson* v. *Gibbons,* 231 N. Y. 171, 174.) All concur, except Larkin, J., who dissents as to the annulling of the determination and votes to confirm. (Review of a determination dismissing petitioner from his position as captain of the Jamestown Fire Department, which proceeding was transferred to the Appellate Division for determination by order of Chautauqua

Special Term, PIPER, J.)    Present — Taylor, P. J., Harris, McCurn, Larkin and Love, JJ. [See *post*, p. 941.]