In the Matter of ROBERT WOOD, Petitioner, against VILLAGE OF PORT CHESTER et al., Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of respondent board of trustees of the village of Port Chester, dismissing petitioner as a member of the police department of said village. The proceeding was transferred to this court pursuant to

section 1296 of the Civil Practice Act. Determination annulled, without costs, and matter remitted to respondent board of trustees for further proceedings not inconsistent with the views herein set forth. Petitioner was found guilty of having violated the provisions of sections 12, 72 and 82 of article III of the rules and regulations of the police department of the village of Port Chester, upon two certain charges, which constitute, respectively, paragraphs 2 and 3 of the specifications of charges. Paragraph 2 sets forth that petitioner, in an automobile, trailed another automobile which was being driven by a certain female on public highways in the town of Greenwich, Connecticut, on July 5, 1953, between the hours of 3:30 A.M. and 4:30 A.M., for several miles "with intention of forcing his attentions and himself, or his acquaintance, upon the said" female, and that he "blocked" her attempts "to get away from him, flashed his searchlight right into her automobile and into her face and finally forced" her automobile "off the road." Paragraph 3 states that petitioner, on the same morning, between midnight and 3:30 A.M., "while in full police uniform, frequented various taverns and places where intoxicating beverages are sold." The evidence amply supports the finding of guilt on the charge contained in paragraph 2 of the specifications. The charge which constitutes paragraph 3 of the specifications has no relationship to sections 12 and 82, and we have found no evidence in the record to sustain the charge of violation of section 72. To constitute a violation of the said section, it was essential to show that petitioner committed the acts in question "while on duty". The undisputed evidence was that his assigned tour of duty had terminated and that he was not in fact on assigned duty. The matter of the degree of the punishment should be considered in the light of the only finding of guilt of the charge contained in paragraph 2 of the specifications. Adel, Acting P. J., Wenzel, MacCrate, Beldock and Murphy, JJ., concur. [See *post*, p. 1043.]