*130
 

 Per Curiam.
 

 On January 24, 1954 the petitioner, Mortimer Rockower, purchased a retail liquor store located at No. 162-27 Depot Road, Flushing, Queens County, New York, and, on January 26, 1954, obtained a retail liquor license for the premises. Thereafter, on April 1, 1954 — a little more than two months after the purchase of the premises — petitioner made application for permission to remove his license to another location. Such application was denied. Since that date petitioner has applied for the same relief on five occasions, without success. The last of the six petitions, and the one with which we are concerned on this appeal, was made on or about April 27,1956. On that occasion petitioner asked leave to remove his license from his location in Queens County to 563 G-rand Street in New York County. The Alcoholic Beverage Control Board recommended that the application be granted but, on review, the State Liquor Authority denied the petition upon the grounds that (1) it is not reasonably possible to determine at the present time whether additional stores should be permitted to remove to the area to which petitioner seeks removal because that area is undergoing substantial change in that numerous public and private housing developments therein are in various stages of planning and completion, and (2) petitioner has not made a bona fide effort to serve public convenience and advantage at his present location.
 

 Pursuant to subdivision 6 of section 121 of the Alcoholic Beverage Control Law, petitioner instituted this article 78 proceeding for an order (a) annulling and vacating the Authority’s determination, and (b) directing the Authority to grant peti
 
 *131
 
 tioner permission to remove. Special Term granted the relief requested and the Appellate Division has affirmed by a closely divided vote. The State Liquor Authority’s appeal to this court is taken as of right (Civ. Prac. Act, § 588, subd. 1, par. [b], cl. [i]_).
 

 A license issued under the provisions of the Alcoholic Beverage Control Law
 
 “
 
 shall not be transferable to * * * any other premises * * * except in the discretion of the authority ” (Alcoholic Beverage Control Law, § 111). Accordingly,
 
 “
 
 our inquiry is limited to a determination whether the record discloses circumstances which leave no possible scope for the reasonable exercise of that discretion in the manner of which appellant complains.
 
 (Matter of Durr
 
 v.
 
 Paragon Trading Corp.,
 
 270 N. Y. 464, 469;
 
 Matter of Coombs
 
 v.
 
 Edwards,
 
 280 N. Y. 361, 363;
 
 Matter of Schwab
 
 v.
 
 McElligott,
 
 282 N. Y. 182, 186;
 
 Matter of Pruzan
 
 v.
 
 Valentine,
 
 282 N. Y. 498, 501.) ”
 
 (Matter of Stracquadanio
 
 v.
 
 Department of Health,
 
 285 N. Y. 93, 96.)
 

 The area surrounding the premises to which the petitioner seeks removal is one which is being transformed from a slum area into a residential neighborhood. Projects already begun are in various stages of completion, while still others are about to be begun. Although it is true that in the immediate vicinity of 563 Grand Street all demolition and construction have been completed, when one considers the overall picture, the unsettled character of the neighborhood becomes patent. Thus, it cannot be gainsaid that in acting on petitioner’s application the Authority was called upon to exercise its legislatively conferred discretion. Exercising that discretion, the Authority concluded that until the changes in the area were completed, it was not reasonably possible to determine whether stores from outside the area should be allowed to remove there. In view of the condition of the neighborhood it seems to us that any other determination would have been highly speculative inasmuch as the Authority had no way of knowing the needs of the area until those projects begun and those planned were completed. That being so, we may not properly say that the petitioner presented facts which removed from the Authority all possibility of exercising that discretion entrusted to it by the Legislature
 
 (Matter of Stracquadanio
 
 v.
 
 Department of Health,
 
 285 N. Y. 93, 96,
 
 supra).
 

 
 *132
 

 As
 
 indicated above, the Authority denied petitioner’s application upon the additional ground that he had failed to make a bona fide effort to serve public convenience and advantage at his present location. This conclusion appears to be based upon three facts brought out at the hearing, namely, that the petitioner applied for permission to remove approximately two months after obtaining the liquor license at his present location; that within the two or two and one-half-year period in which petitioner has occupied the Queens store he has filed six applications for removal; that on the two occasions when petitioner’s present premises were visited by an inspector of the Authority, it was found that he had closed 45 minutes early on one occasion and had opened 45 minutes late on the other. Perhaps these facts, when viewed separately,.do not justify the conclusion that the petitioner had not made a bona fide effort to serve public convenience at his present location but when these same facts are considered as a whole so that a pattern of conduct on the part of the petitioner may be perceived, they justify the conclusion reached by the Authority (see
 
 Matter of Castle Hill Beach Club
 
 v. Arbury, 2 N Y 2d 596, 608). It is true that petitioner offered evidence tending to show that he did, in good faith, try to make a success of the liquor store at his present location, but that despite his efforts he was suffering a net loss each year. However that may be, the conflict presented by this evidence called for the exercise of the Authority’s discretionary power. The Authority’s decision is supported by evidence and, so, may not be disturbed by this court.
 

 The order of the Appellate Division and that of the Special Term should be reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.
 

 Chief Judge Conway and Judges Desmond, Dye, Fuld and Burke concur in
 
 Per Curiam
 
 opinion; Judges Froessel and Van Voorhis dissent and vote to affirm for the reasons stated in the majority opinion of the Appellate Division.
 

 Order reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.