■   In the Matter of JACOB BERKOWITZ, Respondent, against THOMAS E. ROHAN et al., Constituting the New York State Liquor Authority, Appellants. — Order affirmed insofar as it annuls the determination of the State Liquor Authority and in all other respects order reversed on the law and matter remitted to the State Liquor Authority for further proceedings not inconsistent with the memorandum. Memorandum: Special Term annulled the determination of the State Liquor Authority which denied petitioner's application for the issuance of a restaurant liquor license upon the ground, among other reasons, that the Authority's demand that petitioner sign an affidavit which set forth the history of two prior cancellations of his license and stating "that if the application is approved he will exercise a high degree of supervision and control over the licensed premises at all times and will continue to conduct therein a bona fide restaurant" was improper. In our opinion Special Term was correct in its conclusion that the disapproval of petitioner's application may not rest upon his refusal to sign the affidavit requested by the Authority. A denial based in part upon such refusal would be arbitrary and capricious. In requiring petitioner to sign such affidavit the Authority "arrogated to itself power in excess of that which it possesses as an administrative board". (*Matter of Barry* v. *O'Connell*, 303 N. Y. 46, 53; also, see, *Matter of Fiore* v. *O'Connell*, 297 N. Y. 260, 262; *Matter of Lindquist* v. *Swanson*, 273 App. Div. 802.) The application should be considered, therefore, by the Authority with the affidavit eliminated as having any bearing therein. (Cf. *Matter of Drew* v. *State Liq.*

*Auth.*, 2 N Y 2d ˚624, 628.) Inasmuch as the disapproval by the Authority sets forth three possible grounds "It will not do for a court to be compelled to guess at the theory underlying the agency's action; nor can a court be expected to chisel that which must be precise from what the agency has left vague and indecisive". (*Securities Comm.* v. *Chenery Corp.*, 332 U. S. 194, 196–197.) It becomes necessary, therefore, for us to know the specific basis for the Authority's determination. As the Supreme Court said in *United States* v. *Chicago, M., St. P. & P. R. R. Co.* (294 U. S. 499, 511): "We must know what a decision means before the duty becomes ours to say whether it is right or wrong." All concur, Bastow, J., not participating. (Appeal from an order of Oneida Special Term annulling the determination of the State Liquor Authority which disapproved petitioner's application for a liquor license, and remitting the proceeding to the State Liquor Authority for further consideration.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ. [7 Misc 2d 693.]