In the Matter of ROCHESTER COLONY, INC., Respondent, v. DONALD S. HOSTETTER et al., Constituting the State Liquor Authority, Appellants.

Fourth Department, July 1, 1963.

*Richard R. Jenczka, Hyman Amsel* and *John J. O'Hare* for appellants.

*Salzman, Salzman & Pheterson* (*Sidney J. Salzman* of counsel), for respondent.

HALPERN, J.  This is an appeal by the State Liquor Authority from an order of the Special Term, annulling a determination of the Authority which had disapproved the petitioner's application for a restaurant liquor license, and directing the Authority to issue the license.

On April 6, 1962, the petitioner filed an application for a license to sell liquor for consumption on the premises of a restaurant proposed to be opened by the petitioner at 375–377 Main Street East in Rochester.  As originally filed, the application indicated the petitioner sought to transfer an existing liquor license from another location but during the course of the proceeding before the Authority the application was amended to make it an application for a new license.

Originally, the petitioner had proposed to install a bar 93 feet in length.  The Monroe County Alcoholic Beverage Control Board recommended disapproval of the application on the ground that the proposed bar would predominate over the restaurant facilities.  The petitioner sought a review of the disapproval by the Local Board by the State Liquor Authority. On June 26, 1962, a review hearing was held by a Deputy Commissioner who announced at the beginning of the hearing that " final action by the Authority will be taken on the basis not only of such facts as may be discussed or developed here, but also of such other pertinent facts as now are or may hereafter become available to the Authority as a result of its own investigation or otherwise ".  At that time, it was agreed that the application should be deemed amended so as to state that the length of the bar would be 30 feet, in addition to a 10-foot service bar.  The Authority also conducted an investigative interview on August 24, 1962, at which it heard various objectors. Several witnesses were also produced by the petitioner in support of the application.

The burden of the objectors' argument, supported by a petition signed by 60% of the businessmen located in the area of the proposed location, was that the area was already amply supplied with both licensed and unlicensed restaurants.  The YMCA of Rochester objected on the ground of the proximity of

the proposed restaurant to its building. It was also brought out that an application by another applicant for a transfer of a license to the area had been made in December, 1959, and had been denied by the Authority. On the other hand, it was shown on behalf of the applicant that the plans for the premises called for a restaurant of substantial size, that the corporation's president had had considerable experience in the restaurant business and that there was a need for an additional restaurant to replace restaurants which had gone out of business because of the tearing down of the buildings occupied by them.

On August 29, 1962, the Deputy Commissioner who conducted the investigative interview of August 24, recommended approval of the application, but the Authority, meeting on September 25, 1962, disapproved the application. The Authority had before it not only the evidence presented at the hearing but also the report of the investigative interview and the reports by its employees of surveys and investigations concerning the number and facilities of the restaurants in the area, the character of the neighborhood and other related matters.

The grounds of the disapproval by the Authority were the following:

(1) Area sufficiently licensed.

(2) No assurance a bona fide restaurant will be operated.

(3) Public convenience and advantage would not be served by the issuance of this license.

The third ground may be regarded as a generalized conclusion based upon the two specific grounds first given.

This proceeding was then brought by the petitioner under article 78 of the Civil Practice Act to review the State Liquor Authority's determination. The Special Term properly retained the proceeding in that court for disposition and declined to transfer it to the Appellate Division. The determination was not " made as the result of a hearing held, and at which evidence was taken, pursuant to statutory direction " within the meaning of subdivisions 6 and 7 of section 1296 of the Civil Practice Act. The use of the term " statutory hearing " by the attorney for the Authority, in describing the Authority's hearing in this case is somewhat misleading. The statute (Alcoholic Beverage Control Law, § 54, subd. 3 as made applicable to this case by § 64) merely provides that the petitioner has a statutory right to be heard by the Authority upon a review of a disapproval by the Local Board. But this does not make the proceeding before the Authority a quasi-judicial proceeding of the type contemplated by subdivisions 6 and 7 of section 1296 of the Civil Practice Act,

the determination of which must be based on the evidence received at a hearing (*Matter of Stachura* v. *O'Connell*, 271 App. Div. 162). As indicated by the statement by the Deputy Commissioner quoted above, the Authority made its determination in this case, not only upon the basis of evidence taken at the hearing but also upon the basis of facts disclosed by its ex parte investigation.

The petition must therefore be regarded as one in the nature of mandamus to review administrative action which was not based solely upon evidence received at a hearing but was based on all the facts known to the administrative officer. The test to be applied by the court in such a proceeding is whether the action is arbitrary or capricious. If there is a triable issue as to underlying facts, upon which the determination of arbitrariness may depend, the petitioner is entitled to have a trial of the issue at Special Term. (*Matter of Canada Dry Bottling Co.* v. *O'Connell*, 284 App. Div. 370, affd. 308 N. Y. 778; *Matter of Arcuri* v. *Macduff*, 286 App. Div. 17; see, also, 1 Benjamin, Administrative Adjudication in the State of New York, pp. 354–356; Jaffe, Administrative Law, pp. 502–503; but, see, as to the nature of the showing which must be made by the petitioner to entitle him to a trial, *Matter of O'Brien* v. *Commissioner of Educ.*, 3 A D 2d 321, appeal dismissed 4 N Y 2d 140, motion for leave to appeal denied 5 N Y 2d 707.) However, in this case, no request for a trial or a hearing before the court was made by the petitioner.

The Special Term found that the action of the Authority was arbitrary and capricious, upon the basis of the facts alleged in the petition and not disputed in the answer. We agree with the Special Term that, of the grounds given by the Authority, the second ground was completely destroyed by the undenied allegations of the petition showing, among other things, that the principal stockholder of the petitioner was an experienced restaurant operator who was in fact currently engaged in the operation of restaurants which had been licensed by the Authority and that the petitioner had prepared elaborate plans for a large restaurant operation at the premises sought to be licensed. The assertion by the Authority that it lacked assurance that a bona fide restaurant would be operated by the petitioner had no rational basis whatever so far as the present record discloses. The attorney for the Authority in his argument in this court seems to have assumed that the statute requires that the applicant must first establish a restaurant and actually operate it for a substantial period of time before applying for a liquor license, but there is no such requirement in the statute.

However, the first ground given by the Authority, namely, that the area was sufficiently licensed, was well within the ambit of the Authority's discretionary power. The allegations of the petition, even though undenied, are not sufficient to establish as a matter of law that the Authority was arbitrary in reaching that conclusion.

The petition alleges that a number of restaurants in the neighborhood formerly licensed are no longer in business and it also alleges that licenses had been issued by the Authority to others in the same area, after the present application had been filed. But these fragmentary pieces of evidence are not of themselves sufficient to demonstrate that the Authority acted arbitrarily or capriciously in deciding that the area was sufficiently licensed and that " public convenience and advantage " would not be served by an additional licensed restaurant. We are not officially informed as to the circumstances of the issuance of the other licenses (cf. *Matter of Larkin Co.* v. *Schwab,* 242 N. Y. 330, 336). The attorney for the Authority in his brief explains that one of the licenses was a renewal of an existing license, that two of them were transfers of existing licenses within the same area, and one was the licensing of the premises of a restaurant which had been in business as a restaurant in the neighborhood without a license for 40 years and which was therefore entitled to priority of consideration. It may well be that a triable issue was presented by the petitioner as to the arbitrariness of the Authority's conclusion that the area was sufficiently served, justifying a trial at Special Term, but, as has been noted, the petitioner did not request that any issue be framed for trial.

The Special Term was therefore in error in directing the issuance of a license to the petitioner by the Authority. The court may not direct the issuance of a license unless there is no possible rational basis for the Authority's determination (*Matter of Fiore* v. *O'Connell,* 297 N. Y. 260; *Matter of Barton Trucking Corp.* v. *O'Connell,* 7 N Y 2d 299, 308; *Matter of Gambino* v. *State Liq. Auth.,* 4 A D 2d 37, affd. 4 N Y 2d 997).

It does not follow, however, from the fact that it was improper for the court to direct the issuance of a license, that the action of the Authority is wholly free from judicial supervision. The very fact that the scope of judicial review with respect to the exercise of discretion by administrative officers or boards is extremely limited makes it imperative that the courts exercise the necessary supervision to assure that the decisional process on the administrative level is free from impermissible or irrelevant considerations or unsupported conclusions. The court may direct the reconsideration of the application by the

Authority, if it appears that its decision was affected or influenced by such considerations or conclusions.

We find here that the Authority relied upon two specific grounds for its denial of the application, one of which was a permissible conclusion within the Authority's discretion and the other was not. While, as we have said, the Authority's conclusion that the area was sufficiently licensed cannot be found upon this record, to be arbitrary or capricious as a matter of law, it must be recognized that the question was a close one and that the Authority could have decided it either way. We do not know to what extent its decision was influenced by its belief (erroneous both in law and fact) that the petitioner had failed to give proper assurance that it would conduct a bona fide restaurant. Neither do we know whether the Authority felt so strongly that the area was amply supplied with licensees that it would have denied the license on that ground alone, even if it had not been fortified in its decision by its belief that the petitioner would not conduct a bona fide restaurant. It may well be that the finding on the latter point was of controlling importance in influencing the Authority to decide that the " public convenience and advantage " would not be served by the issuance of the license.

In this situation, we believe that the matter should be remitted to the Authority for reconsideration in the light of the rejection of the impermissible ground, and that the Authority should be required to decide *de novo* whether the petitioner's application should be granted or denied. " There ought to be a determination by the commissioner [Authority]  *  *  *  freed from the influence of the erroneous charges " (*Matter of Williams* v. *Du Mond*, 282 App. Div. 76, 80–81, citing *Securities Comm'n* v. *Chenery Corp.*, 318 U. S. 80).

Even in an area of virtually unreviewable discretion such as the making of appointments from a civil service eligible list, it has been held that if a petitioner establishes "from whatever source, that in fact an irrational, and therefore, an arbitrary and capricious, basis was used by an appointing official in declining appointment, or  *  *  *  in refusing even to consider the eligible for appointment, the court will remand the matter to the appointing officer for appropriate reconsideration, although it may not, and should not, direct the appointment of the eligible in question " (*Matter of Delicati* v. *Schechter*, 3 A D 2d 19, 23–24). " [W]e may assume that his reconsideration will be free from the use of improper elements " (*Matter of Hamilton* v. *Monaghan*, 285 App. Div. 692, 694, affd. 1 N Y 2d 877).

In *Matter of Berkowitz* v. *Rohan* (7 A D 2d 703) this court held that, where the State Liquor Authority had denied an application for a license upon several grounds, one of them being the petitioner's refusal to sign an affidavit which the court held the Authority had no right to request, the determination of the Authority should be annulled and the matter remitted to the State Liquor Authority for reconsideration "with the affidavit eliminated as having any bearing therein".

In several cases involving disciplinary action by administrative officers or boards, it has been held by the courts that, if the action was taken on two or more grounds and one of the grounds was found to be improper or not sustained by the evidence, the determination would be annulled and the matter remitted for further consideration in the light of the rejection of the improper or unsustained ground (*Matter of Lindquist* v. *Swanson*, 273 App. Div. 802; *Matter of Wood* v. *Village of Port Chester*, 284 App. Div. 900; *Matter of Jones* v. *Adams*, 1 A D 2d 889; *Matter of Sullivan* v. *Moynihan*, 285 App. Div. 965).

It is therefore our conclusion that, while the order appealed from was proper insofar as it annulled the determination of the State Liquor Authority, the provision of the order directing that the Liquor Authority issue a restaurant liquor license to the petitioner should be stricken therefrom and in the place thereof there should be inserted a direction that the matter be remitted to the State Liquor Authority for further consideration, and, as modified, the order should be affirmed.

GOLDMAN, McCLUSKY and HENRY, JJ., concur; WILLIAMS, P. J., concurs in result.

Order modified in accordance with the opinion and as modified affirmed, without costs, and matter remitted to the State Liquor Authority for further proceedings.