In the Matter of JOSEPH F. MULARZ et al., Appellants, *v.* STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Respondent.

Fourth Department, December 12, 1963.

*MacFarlane, Harris, Martin, Kendall & Dutcher (William T. Cronin* and *Stephen A. Blass* of counsel), for appellants.

*Richard R. Jenczka, Hyman Amsel* and *John J. O'Hare* for respondent.

*Per Curiam.* The petitioners were licensed to sell liquor for off-premises consumption on April 30, 1958 and have since conducted business at 467 West Avenue in Rochester, New York. On February 20, 1962 they applied for permission to transfer this license to 2872 Ridge Road West, Town of Greece, Monroe County, New York. The basis for the application was that the petitioners had reached maximum gross income at the Rochester location, whereas the location for which they applied was in an area being newly developed with continuing population increases. The State Liquor Authority on July 3, 1962 disapproved the application and placed its determination on the ground that "the proposed vicinity is sufficiently serviced by presently located package stores and that as a consequence public convenience and advantage will not be served".

There are four package license stores within four miles of the site sought by the petitioners, the nearest being two miles east. There is also an additional one seven miles to the west in the adjoining Town of Spencerport.

The petitioners urge that the determination of the Authority was arbitrary and capricious. The Legislature has vested the Authority with broad discretion in determining whether licenses should be transferred. (Alcoholic Beverage Control Law, §§ 2, 111.) Judicial inquiry is limited to a determination whether the record discloses circumstances which support the

discretionary action of the Authority. The determination must be confirmed if there is proof that there was scope for the reasonable exercise of discretion by the Authority (cf. *Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465, 468; *Matter of Rockower* v. *State Liq. Auth.*, 4 N Y 2d 128; *Matter of Gambino* v. *State Liq. Auth.*, 4 A D 2d 37, affd. 4 N Y 2d 997). We find such proof in the record. The determination of the respondent was neither arbitrary nor capricious and thus should be confirmed.

GOLDMAN, J. (dissenting). Petitioners appeal from an order dismissing an article 78 proceeding to review and annul the determination of the respondent Authority which denied approval of petitioners' application to remove their retail store license from 467 West Avenue, Rochester, Monroe County, New York to 2872 Ridge Road West, Town of Greece, Monroe County, New York. The reason given by the Authority for its disapproval is as follows: " The petition for removal is DISAPPROVED since area in which applicant's premises is sought to be removed is sufficiently licensed, the State Liquor Authority having denied a previous petition of applicant to the present approximate area on May 24, 1961, because the proposed vicinity is sufficiently serviced by presently located package stores and that as a consequence public convenience and advantage will not be served by the granting of this petition." The previous petition referred to by the Authority was made by these petitioners (who have held a license since April 30, 1958) on June 15, 1960, and disapproved by the Authority on May 16, 1961 (this date taken from Authority's answer). Thereafter, the present application was made by petitioners on January 31, 1962. Said petition was recommended for approval by the local Monroe County Alcoholic Beverage Control Board on April 4, 1962 and was disapproved by the members of the State Liquor Authority on June 19, 1962.

In its answer the Authority alleges that it had sent notices to the four nearest licensees operating liquor stores in the proposed area and that three of them had filed objections to the application for removal. The appellants' petition alleges that there are only three package liquor stores in the Town of Greece and although this is denied upon information and belief in the Authority's answer, the Authority does not state the number of liquor stores that are in the town. Annexed to the petition is a map showing the location of four licensed premises in the area, one of which is on the border of the town and in the City of Rochester. The location of the petitioners' proposed

store is approximately 2 miles from the nearest licensed premises on the east (which is in the City of Rochester), 7 miles from the nearest licensed premises on the west (in the Village of Spencerport), 4 miles from the nearest licensed premises to the north and there is no licensed premises in the Town of Greece south of the proposed location. Subdivision 4 of section 105 of the Alcoholic Beverage Control Law provides that no license for off-premises consumption shall be granted for premises located within 700 feet of any other premises so licensed. Petitioners assert as one of the reasons for desiring to remove to the Town of Greece the economic hardship they are suffering by reason of inability to increase their business in their present premises. We do not believe that this is a proper ground to support petitioners' position. The petitioners also refer to the substantial increase in the population of the Town of Greece and indicate that there had been a population increase of 16,938 persons from 1950 to 1957. They allege that at the date of the petition, October 9, 1962, there were approximately 42,446 persons in that Town. We take judicial notice of the fact that the official and special census of the Town of Greece, dated April 1, 1963, shows a total population of 55,994.

The most recent and authoritative information on liquor licenses in the State of New York is contained in the published documents of the New York State Moreland Commission on the Alcoholic Beverage Control Law, in the Interim Report to the Governor, dated August 30, 1963, and five Study Papers all dated in October, 1963. Inasmuch as the data contained therein is taken from the records of the Authority, we take judicial notice of these reports as a factual basis for the statistical information we are about to give. Map I of the Interim Report shows the off-premises outlets for all counties in New York State for 1950 to be 4,243, as against 4,230 in 1960, or a drop of 13 outlets in 10 years. During these 10 years the population of the State of New York increased from 14,830,000 to 16,782,000. Map III shows the population per off-premises outlets for 1960 and demonstrates that there is an average population per outlet in the State of 3,967. The same map shows that the population per package outlet in Monroe County is 4,500 to 5,000. Assuming that there are four retail outlets in the area under consideration, which from the record before us is the largest possible number of licensed premises, we find that these four stores, based upon the official census of the Town of Greece of approximately 56,000 as of April 1, 1963, enjoy an average population patronage of 14,000 per store, as against the Monroe County top average of 5,000 for 1960. To have approved petitioners'

application would have added a fifth store which would give the five off-premises outlets in the Town of Greece (and Spencerport) a population average of 11,200, or in excess of 6,000 more per store than the maximum 5,000 average for retail stores in the entire County of Monroe for 1960.

We are not unmindful of the limitations on our review of these proceedings. We further recognize that while formal findings of fact are not required for there is no right to a formal hearing (Alcoholic Beverage Control Law, § 111), there is a judicial right of review (Alcoholic Beverage Control Law, § 121, subd. 6). We agree this is not a review of a quasi-judicial determination requiring findings (*Matter of Schwartz* v. *Falk,* 5 A D 2d 46, mot. for lv. to app. den. 5 A D 2d 908, 5 N Y 2d 706). Notwithstanding the great latitude which should of necessity be given to administrative agencies such as the Authority there must be some factual basis for its exercise of discretion other than the barren denial of approval as set forth in the notice of disapproval. All that the Authority has stated is the conclusory statement that '' the proposed vicinity is sufficiently serviced by presently located package stores and that as a consequence public convenience and advantage will not be served by the granting of this petition.'' While we recognize the power of the Authority to override the recommendations of its local county boards, there had to be some reason for its action and none was given. All the Authority has said is that the answer is '' no ''. '' While the Authority is vested with wide discretion in its determination, such discretion must be exercised reasonably and its determinations founded upon a rational basis.'' (*Matter of Wanetick* v. *State Liq. Auth.,* 8 A D 2d 706.) As was written in *Matter of Winkler* v. *State Liq. Auth.* (3 A D 2d 1011, 1012): '' The court should not be required to speculate as to the reason for the administrative ruling (*Matter of McCall Corp.* v. *Gerosa,* 2 A D 2d 358, 361) ''. (Also, see, *Matter of F & S Liqs.* v. *State Liq. Auth.,* 19 A D 2d 359, 360.) Realizing, as we do, the need for administrative agencies, surely in this State we have not yet reached this stage of absolute authoritarianism which would sanction so arbitrary a determination. Once the petitioners have shown there are but four off-premises outlets in an area of 56,000 population, the Authority should be required to state some factual reasons for its disapproval. The regulatory philosophy (of the policy of the State Liq. Auth.) as stated in section 2 of the New York Alcoholic Beverage Control Law is: '' whether public convenience and advantage will be promoted by the issuance of licenses to traffic in alcoholic beverages, the increase or decrease in the number thereof and the

location of premises licensed thereby, subject only to the right of judicial review ''. Whether '' public convenience and advantage will be promoted '' can be determined only '' after an investigation and due consideration of the public policy of this State as expressed by section 2 of the Alcoholic Beverage Control Law, and a proper consideration of the interests of the [petitioners] '' (*Matter of France* v. *O'Connell*, 204 Misc. 681, 687, affd. 282 App. Div. 1011). The facts set forth in the Moreland Commission Report make it obvious that there was no '' investigation and due consideration '' by the Authority in this matter.

We are aware that the recommendations of the Moreland Commission do not have the force of statutory authority. Their statistical findings, however, are taken directly from the records of the Authority and are matters with which the Authority should be familiar. On page 9 of Study Paper Number 2, dated October 21, 1963, the Moreland Commission has shown that the annual growth rate of consumption in New York State between the years of 1956 and 1960 increased for '' Package '' stores 8.45%, against a decline '' By the Drink '' of 4.48%. During this same period of time, notwithstanding the substantial population increase, package stores decreased by 13 in number. In no other business is an existing retail outlet given such absolute monopoly which completely insulates it from competition. The Moreland Commission has found that it cannot be demonstrated that restrictive licensing of package stores has restrained per capita off-premises consumption of distilled spirits in New York State as a whole. It must be further borne in mind that the petitioners do not seek to create an additional outlet but simply to transfer their license from one area to another.

The present state of the law as it relates to this question is well summarized in the opinion of Judge FULD, writing for the majority, in *Matter of Swalbach* v. *State Liq. Auth.* (7 N Y 2d 518, 522): '' The State Liquor Authority is vested with a broad discretion in deciding whether to allow the transfer of a license from one premises to another (Alcoholic Beverage Control Law, §§ 2, 111; see, e.g., *Matter of Rockower* v. *State Liq Auth.*, 4 N Y 2d 128; *Matter of Wager* v. *State Liq. Auth.*, 4 N Y 2d 465; *Matter of Gambino* v. *State Liq. Auth.*, 4 A D 2d 37, affd. 4 N Y 2d 997), but, obviously, that discretion is not unlimited. It must be a discretion truly exercised and ' within the law ' (*Matter of Barry* v. *O'Connell*, 303 N. Y. 46, 52), for it is ' the duty of the courts to set at naught arbitrary and unfounded administrative holdings '. (*Matter of Rumsey Mfg. Corp.* [*Corsi*], 296 N. Y. 113, 118; see, also, *Matter of Dowsey* v. *State Liq. Auth.*, 7 N Y

2d 795, affg. 8 A D 2d 724; *Matter of Cowen* v. *Reavy,* 283 N. Y. 232, 237.) We ' owe deference to the Authority ', we wrote in *Matter of Barry* v. *O'Connell* (303 N. Y. 46, 52–53, *supra*), ' in the exercise of its discretion *within the law.* That discretion, however, cannot be invoked outside the law. * * * "Laws are made by the law-making power and not by administrative officers acting solely on their own ideas of sound public policy, however excellent such ideas may be." (*Matter of Picone* v. *Commissioner of Licenses,* 241 N. Y. 157, 162.) ' "

The policy of the Alcoholic Beverage Control Law, as stated in section 2 (L. 1934, ch. 478), is now nearly 30 years old. While the policy is still as sound as when originally adopted, its application and the construction of the term " public convenience and advantage " must be consonant with changing times and conditions as they exist today. No better statement of this fact can be found than the following from *Matter of Swalbach* (p. 525): " It is not only anachronistic but, more important, without sanction in statute for the Liquor Authority to equate public convenience and advantage with the preservation of the same plan for location of liquor stores as existed prior to the revolutionary population shift to the suburbs."

It is a matter of public record that while the population of Monroe County increased from 488,000 to 586,000 in the 10 years between 1950 and 1960, the population of the Town of Greece increased from 25,508 in 1950 to 55,994 in the last census. This places Greece among the fastest growing towns in up-State New York, yet the Authority arbitrarily refused to consider this fact in reaching the conclusion that " public convenience and advantage " require limiting the off-premises outlets to the four that have existed over the years. Recognizing as we do our inability to substitute our judgment for that of the Authority, if it acted reasonably in the exercise of that judgment, we nevertheless believe that we are substituting reason for arbitrariness and that the order should be reversed, determination annulled and the matter remitted to State Liquor Authority for reconsideration of its determination in accordance with this opinion.

Bastow, Henry and Noonan, JJ., concur in *Per Curiam* opinion; Williams, P. J., and Goldman, J., dissent and vote to reverse and to remit the matter to the State Liquor Authority for reconsideration and determination in accordance with the opinion by Goldman, J., in which Williams, P. J., concurs.

Order affirmed, without costs of this appeal to either party.