■ In the Matter of HENRY J. MOLTZEN, Respondent, v. DONALD HOS-TETTER et al., Constituting the STATE LIQUOR AUTHORITY, Appellants.— In a proceeding pursuant to article 78 of the CPLR to annul a determination of the members of the State Liquor Authority, which disapproved the petitioner's application for a restaurant liquor license, said officials appeal from an order of the Supreme Court, Nassau County, entered July 19, 1965, which granted the petition, annulled the determination and directed the issuance of a restaurant liquor license to the petitioner. Order reversed on the law and facts, without costs, proceeding dismissed and determination confirmed, without costs. Findings of fact inconsistent herewith are reversed and contrary findings are made. The petitioner, the lessee of a restaurant portion of a motel, applied for a restaurant liquor license for said restaurant portion which was to be operated in conjunction with the operation of the motel. The local board approved the application but the Authority, without a formal hearing, disapproved the application. In its notice of disapproval, the Authority stated that its "records contain information to the effect that in 1962 one of the said principals of the landlord requested a prostitute who was living in the motel to rent other rooms therein for the purpose of prostitution, and not to use her room therefor and that the said prostitute was knowingly permitted by said Coson Restaurant, Inc. [a prior tenant-licensee] to use its said licensed premises wherein to make agreements with men for the purpose of prostitution, which acts were then committed in the motel. The said premises were used for the purposes of prostitution on at least 200 occasions in 1962." While the petitioner's application for the license was pending before the Authority, the motel principals appeared before the Authority and denied knowing of or permitting any acts of prostitution on the motel premises. The probative value of the statement attributed to the unnamed prostitute may be questionable. But it is undisputed that, when the prior tenants-licensees operated the restaurant portion of the motel, there were acts of prostitution and solicitation in the motel and/or in the restaurant of the motel, and arrests and indictments in connection therewith. The prior tenant-licensee was indicted pursuant to the Grand Jury finding that it had suffered or permitted the premises to become disorderly within the meaning of subdivision 6 of section 106 of the Alcoholic Beverage Control Law in that, between September 12, 1963 and February 3, 1964 it had offered to secure persons for the purpose of prostitution. An employee of said tenant-licensee was indicted, pursuant to section 1148 of the Penal Law, for soliciting in the premises on behalf of another for immoral purposes, and also for violation of section 887 of the Code of Criminal Procedure. On April 9, 1965, said employee pleaded guilty to violation of section 887 of the Code of Criminal Procedure and received a one-year suspended sentence. Said plea was also accepted in satisfaction of the indictment against the said corporate tenant-licensee. In disapproving the application, the Authority found that approval of the application would create a high degree of risk in the administration and enforcement of the Alcoholic Beverage Control Law, would not be conducive to the proper regulation and control of traffic in alcoholic beverages and that public convenience and advantage would not be served by the approval of the application. No formal hearing was required when the application was pending before the Authority (Rules of State Liquor Authority, rule 1; 9 NYCRR 52.1; *Matter of Fink* v. *Cole,* 1 N Y 2d 48, 53; *Matter of Stachura* v. *O'Connell,* 271 App. Div. 162, 164; *Matter of Rochester Colony* v. *Hostetter,* 19 A D 2d 250). Pursuant to its investigative function for the purpose of developing facts essential to adequate consideration of the petitioner's application (Rules of State Liquor Authority, rule 1, subd. 14; 9 NYCRR 52.14), the Authority conducted an investigation and interviewed the principals of the landlord. The Authority

had the right and duty to consider its records concerning the landlord and the previous tenants-licensees of the restaurant and the facts disclosed by its ex parte investigation (*Matter of Rochester Colony* v. *Hostetter, supra*; *Matter of Fink* v. *Cole, supra*). In our opinion, it may not be held that the Authority's determination was arbitrary or capricious; i.e., without a reasonable basis (cf. *Matter of Fink* v. *Cole, supra*; *Matter of Rochester Colony* v. *Hostetter, supra*; *Matter of Gambino* v. *State Liq. Auth.*, 4 A D 2d 37, affd. 4 N Y 2d 997). Therefore, the Authority's disapproval cannot be set aside by the courts. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.