In the Matter of WILLIE HAYES, Appellant, *v.* NEW YORK STATE LIQUOR AUTHORITY, Respondent.

Fourth Department, October 26, 1972.

*Cunningham, Cole, Sorrentino & Cavanaugh (James J. Kirisits* of counsel), for appellant.

*Eli Ratner (Joseph F. Reina* of counsel), for respondent.

CARDAMONE, J. The State Liquor Authority (SLA) disapproved petitioner's application for transfer of a special on-premises liquor license on November 10, 1970. An article 78 proceeding was brought by petitioner seeking review. Special Term confirmed the SLA determination and dismissed the petition. From this judgment, petitioner appeals.

In our view the Authority's determination was arbitrary and capricious since it was without adequate factual support in the record and must, therefore, be annulled. The SLA's grounds for disapproval of petitioner's application appear to be based on findings that: (a) "The proper conduct of a tavern establishment is essential. * * * Failure of a licensee to exercise adequate personal supervision over the conduct of such an establishment poses a substantial risk * * * to the safety of the people of this State"; (b) the "applicant's presently licensed grocery store and the proposed tavern are located in a sensitive area which has been the scene of riots, shooting, and disorders"; (c) petitioner had previously failed to exercise adequate personal supervision over his licensed grocery store premises and noted "the involvement of his licensed grocery store in fire bomb and rock throwing incidents" during riots in Buffalo in June, 1967; and (d) petitioner's "conduct and behavior * * * agitated the then prevailing disorder".

The SLA is entitled to rely on all facts which exist so long as they are reliable and trustworthy (*Matter of Fink* v. *Cole,* 1 N Y 2d 48) and common-law evidence is not required; the Authority may rely on police reports and its own investigators (*Matter of 125 Bar Corp.* v. *State Liq. Auth.,* 24 N Y 2d 174). No factual evidence of any nature whatever is found in this record that would support a conclusion that petitioner would fail to exercise adequate supervision over the conduct of a tavern;

nor is there any adverse evidence in the record respecting petitioner's operation under his presently existing beer license, held since 1964. Indeed, the record reveals that under the present beer license petitioner has never been criticized or delinquent; that the proposed licensed premises would be supervised 60 hours weekly by petitioner; and that an additional bartender with prior experience would be hired. The denial is not properly based on the fact that this is a " sensitive area " without a showing that the applicant would be unable to maintain orderly premises (*Matter of Clara & Bernard Rest.* v. *State Liq. Auth.,* 22 A D 2d 871, 872). The only grounds for disapproval which have reference to evidence in the record are those contained in (c) and (d) above.

The relevant standard of inquiry reviewing a denial of a liquor license application is whether the administrative determination is founded on a rational basis (*Matter of Fredette* v. *Hostetter,* 36 A D 2d 891). The statements of facts, upon which respondent based its denial in this case, were hearsay statements given to an SLA investigator by the police officer who arrested petitioner in 1967. Such hearsay reports are based on speculative inferences and while they are, as noted, entitled to be considered, nevertheless " common sense and elemental fairness suggests that, if the contents of the reports are controverted seriously, the otherwise unsupported reports may fail to provide a rational basis for adverse action ". (*Matter of 125 Bar Corp.* v. *State Liq. Auth., supra,* p. 179.) In this case, the contents of the hearsay report were seriously controverted by petitioner whose explanation of the events during the riots of 1967 is equally as credible as the hearsay police report, by petitioner's protestations of his innocence and finally by the fact that the charges were dismissed. There is no other evidence in the record supporting the Authority's determination.

The broad discretion of the Authority on this kind of application must rest on a rational foundation (*Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256, 273) and where its conclusions are based, as they are here, solely on speculative inferences unsupported by the record its determination should be annulled (*Matter of Sled Hill Cafe* v. *Hostetter,* 22 N Y 2d 607, 612–613) and the matter remitted to the respondent for further consideration in the light of this opinion.

Del Vecchio, J. P., Marsh, Witmer and Moule, JJ., concur.

Judgment unanimously reversed with costs, determination annulled and matter remitted to respondent for further proceedings in accordance with opinion by Cardamone, J.