■ In the Matter of PASTA CHEF, INC., Respondent, v STATE LIQUOR AUTHORITY, Appellant.—Judgment reversed without costs, determination confirmed, and petition dismissed. Memorandum: In this CPLR article 78 proceeding respondent appeals from an order of Special Term which annulled respondent's determination denying petitioner's application for a restaurant wine license and directed respondent to issue the license. In denying the application respondent found that petitioner's president, who is its sole stockholder, had "participated, over a period of years, in the filing of prior applications to the Authority which contained contradictory and conflicting representations; that these representations were made to mislead the Authority and to induce the Authority to act favorably on the applications". Respondent further concluded that "approval of this application would create a high degree of risk and hazard in the administration and enforcement of the Alcoholic Beverage Control Law; that such approval would not be conducive to proper regulation and control and would not be in the public interest and that public convenience and advantage would not be served by such approval." Special Term referred the proceeding to a trial part to make findings regarding the basis for respondent's action. While the trial court acknowledged some "contradictory" and other "factual inconsistencies" in assessing prior license applications, and found that the conduct of petitioner's president concerning his continued association with two individuals who were prior cancelled licensees, was "imprudent" and that he and the applicant had "dragged their feet in maintaining employment relationships with parties found objectionable by the State Liquor Authority," it concluded that "there does not on these facts appear to be any affirmative scheme to deceive or mislead the State Liquor Authority." Special Term's order is based upon the findings of the trial court. Respondent first argues that Special Term erred in referring the issue for a hearing. Here, however, the documents initially submitted to the court by respondent contained only factual conclusions unsupported by the allegedly conflicting statements upon which they were based. In such circumstances the court may properly order a factual hearing for determination of the underlying facts upon which respondent's conclusions were founded *(Matter of Rochester Colony v Hostetter,* 19 AD2d 250; see, also, *Matter of Canada Dry Bottling Co. v O'Connell,* 284 App Div 370, affd 308 NY 778). The petition here must be regarded as "one in the nature of mandamus to review administrative action which was not based solely upon evidence received at a hearing but was based on all the facts known to the administrative officer" *(Matter of Rochester Colony v Hostetter, supra,* p 253). Respondent's determination may not be disturbed unless it is arbitrary and capricious (CPLR 7803, subd 3; *Matter of Rochester Colony v Hostetter, supra).* The court may not upset a determination of the State Liquor Authority unless the record discloses circumstances which leave no possible scope for the reasonable exercise of its discretion *(Matter of Wager v State Liq. Auth.,* 4 NY2d 465). Additionally, "[t]he court may not direct the issuance of a license unless there is no possible rational basis for the Authority's determination" *(Matter of Rochester Colony v Hostetter, supra,* p 254). The record discloses facts upon which respondent reasonably may have concluded that petitioner's president, in submitting prior license

applications, had made contradictory, conflicting and deceptive representations regarding his relationships with prior suspended licensees and that such representations were calculated to "mislead the Authority and to induce the Authority to act favorably on the applications." Thus we do not find respondent's disapproval of petitioner's application to be arbitrary or capricious. All concur, except Cardamone, J., who dissents and votes to affirm the judgment on the findings of fact at Trial Term, Siracuse, J., and upon the memorandum decision at Special Term, Mastrella, J. (Appeal from judgment of Monroe Supreme Court—article 78.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.