■ In the Matter of CITIBANK, N. A., as Trustee of SIMON UHLMANN, Deceased, Respondent, RICHARD STEEL, as Executor of EDITH U. KUNZLI, Deceased, Appellant; HENRY HELIER, Individually and as Executor of BLANCHE H. NEWTON, Deceased, Respondent.—Decree, Surrogate's Court, New York County, entered on December 29, 1977, unanimously affirmed on the opinion of Midonick, S. Petitioner-respondent and respondent shall recover of appellant one bill of $75 costs and disbursements of this appeal. Concur—Sandler, J. P., Sullivan, Bloom, Markewich and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY SMITH, Appellant.—Motion granted and upon reargument the motion to discontinue the appeal is denied without prejudice to counsel proceeding in a proper manner in accordance with the procedure contemplated by *People v Saunders* (52 AD2d 833) should it be concluded upon a full and adequate review of the record that the appeal is frivolous and that there are no appealable issues. Concur—Fein, J. P., Sullivan, Lane, Markewich and Silverman, JJ.

■ ROB TESS RESTAURANT CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent.—Motion of the petitioner dated April 10, 1979 is treated by the court as one for reargument and reconsideration of our memorandum decision dated March 8, 1979. The motion is granted and the determination of the State Liquor Authority, dated December 15, 1978, canceling the petitioner's liquor license effective February 2, 1979, is modified, on the law, to the extent of granting the petition, annulling the cancellation, and reducing the sanction imposed to a period of 30 days' suspension, deemed to have been served from March 1, 1979 through March 30, 1979, and otherwise the determination of the State Liquor Authority is confirmed, without costs or disbursements. In our initial determination, we treated the license as one which had expired and ceased existence as of February 28, 1979 (see Alcoholic Beverage Control Law, § 67, subd 1, par [b]). Upon reargument, the parties have urged upon the court that the license does not expire but, rather, is treated as an ongoing license subject to annual renewals. Under the circumstances, the passage of the February 28 date does not render the liquor authority's determination completely academic and leaves us something upon which to operate after that date. We have therefore modified the penalty imposed accordingly. Concur—Kupferman, J. P., Sandler, Sullivan, Bloom and Lane, JJ.