■ In the Matter of 401 East 138th Street Wine & Liquor Corp., Respondent, v New York State Liquor Authority, Appellant.—Order, Supreme Court, Bronx County, entered March 28, 1979, annulling respondent's determination, dated October 20, 1978, and ordering a hearing *de novo,* reversed, on the law, petition dismissed and determination reinstated and confirmed, without costs. The petitioner does not dispute the fact that it presented its relevant evidence at the hearing held pursuant to subdivision 3 of section 54 of the Alcoholic Beverage Control Law. At that hearing, it was permitted to make oral argument before the hearing officer (9 NYCRR 52.6). However, the petitioner did not have the right to be present at the original or subsequent meeting held by the board in considering and voting upon its application. *(Matter of Moltzen v Hostetter,* 24 AD2d 1018, affd 18 NY2d 629; *Matter of Fredette v Hostetter,* 36 AD2d 891; *Matter of Rochester Colony v Hostetter,* 19 AD2d 250.) The overriding question presented upon this appeal is whether the respondent acted arbitrarily and capriciously in denying a liquor license to the petitioner *(Matter of Wager v State Liq. Auth.,* 4 NY2d 465, 468). The respondent found that the four "package stores" in the area adequately served the community. Furthermore, the respondent noted that the gross annual sales volume of two of the existing "package stores" was on the decline. These grounds support the respondent's determination that the public convenience and advantage would not be served by the issuance of a license to the petitioner. *(Matter of Mandee Liqs. v Roth,* 57 AD2d 961, affd 44 NY2d 653; *Matter of Greco's Liq. & Wine Cellar v New York State Liq. Auth.,* 28 AD2d 1138.) Concur—Murphy, P. J., Kupferman, Birns, Fein and Lynch, JJ.