■ In the Matter of CVL ENTERPRISES, INC., Doing Business as BOND LAKE PARK, Respondent, v STATE LIQUOR AUTHORITY, Appellant.—Judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Respondent appeals, with our permission, from a judgment which annulled the determination of the State Liquor Authority denying petitioner's application for a winter on-premises liquor license to be used in conjunction with restaurant facilities in the Bond Lake ski area in Niagara County and remitted the matter to the State Liquor Authority for a hearing on the "competing claims" of the parties and a new decision. Petitioner's license application was made after it was the successful bidder on county specifications which obliged it to serve liquor and beer in conjunction with the operation of the restaurant facilities at the ski area. The contract was awarded and preliminary approval of the license application was obtained from the local board without opposition. Thereafter, substantial public sentiment opposed to the sale of intoxicants at a "family recreation area" developed. Accordingly, the State Liquor Authority denied the application because of the public opposition to it and because it found safety factors warranting denial of the license in a ski area. In reviewing the authority's action, the court is limited to a determination of whether the record discloses circumstances which leave no room for the reasonable exercise of discretion *(Matter of Pasta Chef v State Liq. Auth.,* 54 AD2d 1112, affd 44 NY2d 766; see, also, *Matter of Wager v State Liq. Auth.,* 4 NY2d 465, 468). The authority is not required to hold a hearing before granting or denying a license application (Alcoholic Beverage Control Law, § 64, subd 2; § 54) and if there are issues of fact upon which the grant or denial of a license depend, and we see none here, they should be determined by the court *(Matter of Rochester Colony v Hostetter,* 19 AD2d 250, 254). Accordingly, we modify Special Term's order. The matter is remitted to the authority for further consideration but without the direction to hold a hearing. It was appropriate for the authority to consider the nature and use of the area where licensed premises are located when reviewing the application, but we find nothing in this record warranting different treatment from those located in other ski areas and public opposition by itself was not a sufficient legal reason to deny the application (see *Matter of Circus Disco v State Liq. Auth.,* 51 NY2d 24). The authority should either make appropriate findings supporting denial

of the application by distinguishing these premises from others previously licensed or grant the license. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.