■ In the Matter of TRI-CITIES BARREL COMPANY, INC., Petitioner, v HENRY G. WILLIAMS, as Commissioner of the New York State Department of Environmental Conservation, Respondent.—Determination unanimously annulled on the law and matter remitted to the Commissioner of Environmental Conservation for further proceedings, in accordance with the following memorandum: Respondent Commissioner of Environmental Conservation determined that petitioner is responsible for the regulatory fee imposed upon operators of hazardous waste treatment, storage and disposal facilities (TSDF) upon the sole ground that, pursuant to 6 NYCRR 360.3, petitioner was a facility "deemed to have a permit" during

fiscal year 1983. Because the Commissioner failed to make a threshold finding that petitioner actually operated a TSDF, the determination was erroneous and must be annulled.

ECL 72-0402 (2) imposes a regulatory fee upon "[a]ll facility operators required to obtain a permit or certificate for the treatment, storage or disposal of hazardous waste pursuant to title nine of article twenty-seven" of the ECL. The only facility operators required to obtain a permit under title 9 of article 27 are persons who "engage in storage, treatment, or disposal, including, [sic] storage at the site of generation, of hazardous wastes" (ECL 27-0913 [1]). The clear language of these statutory provisions provides that a TSDF fee may be imposed upon an operator only if he actually engages in the treatment, storage or disposal of hazardous waste, as defined in ECL 27-0901 and 72-0401. Section 360.3 of the Commissioner's regulations, to the extent it authorizes imposition of a TSDF regulatory fee without a threshold finding that a person is a TSDF operator, conflicts with the statute and cannot form the basis for a determination that a person is responsible for the TSDF operator's fee.

We remit this matter to the Commissioner for his determination whether, based upon the adopted findings of fact and a reconsideration of the hearing record and the conclusions of the Administrative Law Judge, petitioner was a TSDF operator during fiscal 1983 (see, Matter of Rochester Colony v Hostetter, 19 AD2d 250, 255). (Article 78 proceeding transferred by order of Supreme Court, Onondaga County, Mordue, J.) Present—Callahan, J. P., Denman, Boomer, Balio and Davis, JJ.