■ In the Matter of ALBSHAAD, INC., Appellant, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [752 NYS2d 571] —Appeal from a judgment (denominated order) of Supreme Court, Onondaga County (Murphy, J.), entered July 25, 2001, which dismissed the CPLR article 78 petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner seeks to annul respondent's determination denying its application to remove its existing on-premises liquor license to another location. We reject at the outset respondent's contention that this appeal is moot because petitioner may be unable to obtain a lease for the proposed new location (*see generally Rob Tess Rest. Corp. v New York State Liq. Auth.,* 68 AD2d 821, *mod on rearg* 69 AD2d 798, *mod on other grounds* 49 NY2d 874). That contention is not supported by the record.

We conclude, however, that Supreme Court properly dismissed the petition. In its application, petitioner admits that the proposed new location is within a 500-foot radius of three or more establishments selling liquor to the public for on-premises consumption (*see* Alcoholic Beverage Control Law § 64 [7] [b]). Petitioner therefore will not be heard to contend that paragraphs (b) and (f) of section 64 (7) do not apply to its application. We reject petitioner's further contention that the determination is arbitrary and capricious and an abuse of discretion. The standard of review for a denial of a liquor license application is whether the administrative determination has a rational basis (*see Matter of Hayes v New York State Liq. Auth.,* 39 AD2d 482, 484; *see also Matter of Rockower v*

*State Liq. Auth.*, 4 NY2d 128, 131; *Matter of Fredettre v Hostetter*, 36 AD2d 891; *Matter of Rochester Colony v Hostetter*, 19 AD2d 250, 253). Upon our review of the record, we further conclude that respondent properly considered all of the factors set forth in section 64 (6-a) and based its determination upon facts that were properly before it. Respondent's determination is therefore not arbitrary and capricious, nor is it an abuse of discretion (*see Rochester Colony*, 19 AD2d at 253; *see generally Matter of Mularz v State Liq. Auth. of State of N.Y.*, 20 AD2d 65, 66). Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Burns and Lawton, JJ.